NOT DESIGNATED FOR PUBLICATION

No. 122,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICIA FAYE LINTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed March 26, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*W. Brad Sutton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: The State charged Patricia Faye Linton with residential burglary, a severity level 7 person felony, and theft, a severity level 9 nonperson felony, those crimes being committed on February 28, 2018. In October 2018, she entered into a plea agreement with the State under which she pled no contest to residential burglary and the State dismissed the theft charge. The court found her guilty on the residential burglary charge.

Linton was subject to presumptive prison based on her criminal history. But at her sentencing hearing on December 10, 2018, the district court departed from a presumptive

1

prison sentence by imposing and then suspending a 21-month prison sentence with 12 months of postrelease supervision in order to allow her to serve probation for 24 months.

On April 23, 2019, the district court ordered Linton to serve a 2-day jail sanction and extended her probation for 24 months after she violated the terms of her probation by failing to report to community corrections.

On July 9, 2019, Linton stipulated to nine more probation violations. The district court imposed a 60-day jail sanction and extended Linton's probation for another 24 months to begin after her jail sanction or inpatient treatment was complete.

On October 2, 2019, Linton was charged with her third series of probation violations, which were alleged to have occurred in August and September 2019. This time she was charged with four more violations.

At the evidentiary hearing on February 4, 2020, Linton's intensive supervision officer, Tara Santoro, testified to Linton's violations and recommended that the court revoke Linton's probation and order her to serve her underlying prison sentence. The district court found sufficient evidence to revoke Linton's probation and ordered Linton to serve her underlying prison sentence.

Linton appeals, claiming the district court abused its discretion in revoking her probation and ordering her to serve her underlying sentence.

On August 26, 2020, the State notified us that Linton had completed serving her underlying prison sentence rendering her appeal moot. Before addressing Linton's claim, we will consider the State's contention that this appeal is moot. The State, the party asserting that the case is moot, bears the burden of proving mootness. See *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020).

2

In *State v. Yazell*, 311 Kan. 625, 631-32, 465 P.3d 1147 (2020), the State relied on the Kansas Department of Corrections website—Kansas Adult Supervised Population Electronic Repository (KASPER)—to provide evidence that the defendant had been released from custody. The State also relied on a phone call to the senior administrative specialist with the Kansas Department of Corrections to confirm that the defendant was in fact released from custody. Our Supreme Court held that the State's reliance on KASPER, along with the hearsay phone call, was insufficient to clearly and convincingly establish that Yazell's appeal was moot. 311 Kan. at 631.

Here, the State merely filed a notice suggesting that Linton was no longer serving her underlying prison sentence, but it did not take any additional steps to clearly and convincingly establish that the actual controversy had ended. The State has presented no evidence to confirm the accuracy of Linton's status.

We conclude that the State has failed to meet its burden to establish that Linton's probation revocation appeal is moot. Accordingly, we will address Linton's claim on appeal.

Linton was granted probation by way of a dispositional departure from a presumptive prison sentence. Under K.S.A. 2017 Supp. 22-3716(c)(9)(B), if the probation was originally granted as the result of a dispositional departure granted by the sentencing court, the court may revoke probation without having previously imposed a sanction. Here, not only did Linton receive a dispositional departure sentence, but she had already been ordered to serve a 2-day and a 60-day sanction before her probation was finally revoked.

The district court had the discretion to revoke Linton's probation and to order her to serve her underlying sentence upon a showing that she violated the terms of her

probation. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The district court would have abused its discretion in doing so if its decision had been arbitrary, fanciful, or unreasonable, or based on an error of law or fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Linton does not claim there was an error of law or fact, so the issue turns on whether the district court's ruling was arbitrary, fanciful, or unreasonable.

We find no evidence that the court's decision was arbitrary, fanciful, or unreasonable. Linton was granted probation when our sentencing guidelines called for the imposition of a presumptive prison sentence. In the course of nine months after being granted probation Linton racked up 14 probation violations. The interim sanctions she received apparently had no significant impact on her conduct. By her conduct, it is readily apparent that Linton was not amenable to probation. The district court did not abuse its discretion in revoking Linton's probation and ordering her to serve her underlying sentence.

Affirmed.